IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | 3:16-CR-343-K (01) |
| | § | |
| CHUKWUMA JONAS OSUAGWU (01) | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Sever (Doc. No. 102). After careful consideration of the motion, the response, the applicable law, and the indictment, the Court **GRANTS** the motion as Counts 1-6 are improperly joined with Counts 7-12, and any such joinder would prejudice Defendant. The Court **DENIES** the motion as to joinder of Count 12 with Counts 7-11 as these counts are properly joined and will not prejudice Defendant.

Defendant Chukwuma Jonas Osuagwu ("Defendant") is charged in a twelve count indictment with mortgage fraud and conspiracy related to mortgage fraud (collectively, "Mortgage Fraud Counts 1-6"), tax fraud (collectively, "Tax Fraud Counts 7-11") and tax-related obstruction ("Tax Obstruction Count 12"). In his motion, Defendant argues that joinder of (1) Mortgage Fraud Counts 1-6 with Tax Fraud Counts 7-11 and (2) Counts 1-11 with Tax Obstruction Count 12 are improper under Federal Rule of Criminal Procedure 8(a). Defendant also contends

1

joinder would result in unfair prejudice such that relief from joinder is appropriate under Federal Rule of Criminal Procedure 14.

### **Improper Joinder Under Rule 8(a)**

At the outset of his motion, Defendant argues the offenses in the indictment are improperly joined under Rule 8(a). He claims Mortgage Fraud Counts 1-6 are of a different character, based on different acts and transactions, and not part of a common scheme as Tax Fraud Counts 7-11, and also that Tax Obstruction Count 12 is not properly joined with any of Counts 1-11. In his motion, Defendant contends the Government did not connect Tax Obstruction Count 12 with Counts 1-11 and did not sufficiently allege a common scheme or plan to defraud or a commonality connecting the Mortgage Fraud Counts 1-6 with the Tax Fraud Counts 7-11. Defendant acknowledges Tax Fraud Count 7 references gains earned from the sale of two property units that are also referenced in Mortgage Fraud Counts 2-6 (purchase and sale of those properties); however, Defendant maintains there are no allegations specifically connecting the fraudulent mortgage offenses to the tax fraud offense in Count 7. The remaining Tax Fraud Counts 8-11, according to Defendant, are in no way connected to the mortgage fraud offenses, as those allegations do not overlap at all. Defendant also argues the 3-year gap between the latest mortgage fraud offense and the tax fraud offenses further supports a finding that Mortgage Fraud Counts 1-6 and Tax Fraud Counts 7-11 are not part of a common scheme or plan.

In its response, the Government contends Counts 1-12 are all part of a common scheme or plan in that they all relate to Defendant's submission of false or fraudulent material documents and statements to lenders as well as false forms to the IRS. The Government also asserts that Mortgage Fraud Counts 1-6 are clearly part of a common scheme or plan involving Tax Fraud Count 7. Specifically, Mortgage Fraud Counts 1-6 involve bank fraud and fraudulent statements made to lenders related to the separate purchase and sale of two properties, and Tax Fraud Count 7 was the "final act in the scheme" wherein Defendant omitted the gains from the sales of those properties on Defendant's Income Tax Return. The Government next argues Tax Obstruction Count 12 is properly joined with Tax Fraud Counts 7-11 because they involve the same victim and the same scheme of Defendant submitting false and fraudulent documents to the IRS.

Rule 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). Courts are to "broadly construe Rule 8 in favor of initial joinder." *U.S. v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005)(quoting *U.S. v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990)). Furthermore, it is well-recognized in the Fifth Circuit that Rule 8's transactional relationship requirement is flexible so that "a transaction 'may comprehend a series of many occurrences, depending not so

much upon the immediateness of their connection as upon their logical relationship.'" *Butler*, 429 F.3d at 146-47 (quoting *U.S. v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)). In determining whether joinder is proper, the court looks only to the allegations in the indictment. *U.S. v. Huffine*, Crim. No. A-02-93, 2002 WL 1423291, at *2 (E.D. La. June 26, 2002)(citing *U.S. v. Lane*, 474 U.S. 438, 477 (1986) and *U.S. v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988)). Deciding whether the offenses are part of a common scheme or plan, the court should look to "the relatedness of the facts underlying each offense." *Huffine*, 2002 WL 1423291, at *2 (citing *U.S. v. Lane*, 735 F.2d 799, 804 (5th Cir. 1984)). "When the facts underlying each offense are closely connected so that evidence of the same facts is necessary to establish each offense, joinder is most likely proper. When there is no substantial identity of facts between the two offenses, then joinder is improper." *Huffine*, 2002 WL 1423291, at *2.

After reviewing the indictment in this case, the Court finds that it fails to sufficiently allege a close connection between the Mortgage Fraud Counts and the Tax Fraud Counts. There is simply no "allegation of connexity" in the indictment between the Mortgage Fraud Counts 1-6 and the Tax Fraud/Obstruction Counts 8-12. *Id.* The Tax Fraud Counts 8-11 allege Defendant falsely reported his dependents and filing status (Counts 8-9) and, additionally, falsely reported rental income from unidentified residential condominium units (Counts 10-11); the Tax Obstruction Count 12 alleges Defendant impeded administration of the tax laws by providing

false or fraudulent documents. The indictment makes no connection between the alleged mortgage fraud and the basis of these tax fraud offenses; there is "no relatedness of the facts underlying each offense." *Id*. The Court finds the indictment does not meet Rule 8's requirement that the offenses in Counts 1-6 and Counts 8-12 are of a similar nature or that there are part of Defendant's common scheme or plan.

Tax Fraud Count 7 references the two properties specified in Mortgage Fraud Counts 2-6, alleging Defendant omitted gains earned on the sales of those properties. The Court admits the propriety of the joinder of Counts 1-6 and Count 7 is a close call; but, the Court ultimately finds the allegations in the indictment fall just short of meeting Rule 8's relational requirements. The facts establishing the allegedly fraudulent purchase and sale of each property is not necessary to establish the tax fraud offense of omitting the gains earned in these sales. Although the sales of the two properties may be the subject of mortgage fraud offenses and a tax fraud offense, the allegations simply do not connect the two as being similar in nature or part of a common scheme or plan, despite the Government's argument to the contrary. This is even more apparent when considering additional allegations form the basis of Tax Fraud Count 7. In addition to omitting gains on the sales, Count 7 alleges Defendant committed tax fraud in falsely reporting his dependents and filing status (also alleged in Tax Fraud Counts (8-11)). The allegations do not establish that all the facts underlying the tax fraud offense in Count 7 are related to the mortgage fraud offenses in Counts 1-6.

The Government argues there is generally a common plan or scheme closely connecting Mortgage Fraud Counts 1-6 with Tax Fraud/Obstruction Counts 7-12 in that they all relate to Defendant's submission of false or fraudulent material documents and statements to lenders as well as false forms to the IRS.  The Court is not persuaded by this argument as it would, in this case, "generalize the term 'similar' in such a manner as to render it and Rule 8(a) void of any real content."  *Huffine*, 2002 WL 1423291, at *2.  The Court will not find joinder is proper based on this tenuous argument.

The Court is also not persuaded by Defendant's argument that joinder is improper on Tax Fraud Counts 7-11 with Tax Obstruction Count 12.  The Court concludes the allegations sufficiently establish a logical relationship and close connection between Counts 7-11 and Count 12; therefore, the indictment satisfies Rule 8(a)'s relational requirements as to these Counts being properly joined.

The Court recognizes Rule 8(a) is to be construed broadly in favor of joinder.  In this case, the Court finds joinder of the Mortgage Fraud Counts 1-6 with the Tax Fraud Counts 7-12 is improper under Rule 8(a).

## **Prejudicial Joinder Under Rule 14**

Defendant argues, alternatively, that joinder of Counts 1-6, Counts 7-11, and Count 12 will result in prejudice to him.  Specifically, Defendant contends there is a risk the jury may consider evidence admissible to one offense and impute it to another for which it was not admissible and/or applicable.  Defendant also maintains

that he will not be able to testify as to a "good faith" defense on the tax counts (Counts 7-11) without waiving his right not to testify as to the remaining counts. The Government responds that Defendant will not suffer prejudice from the joinder of the counts. As for evidence considered by the jury, the Government argues an instruction to separately consider the evidence will be given and it is presumed the jury follows its instructions. As to the "good faith" defense, the Government contends Defendant did not make the necessary showing as to his anticipated testimony to allow the Court to properly weigh the competing interests at issue. Finally, the Government argues severing these counts into separate trials will be a waste of judicial resources.

Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). Because the indictment fails to establish any connection of the Mortgage Fraud Counts 1-6 and Tax Fraud/Obstruction Counts 7-12, the Court finds Defendant would be prejudiced by joinder of the offenses under Rule 14(a) even if joinder had not been challenged pursuant to Rule 8(a). *See Huffine*, 2002 WL 1423291, at *3. The Court concludes that Defendant did not meet his burden, however, regarding prejudice resulting from the joinder of Tax Fraud Counts 7-11

with Tax Obstruction Count 12.  Therefore, the Court denies Defendant's request to sever Count 12 from Counts 7-11.

## Conclusion

For the forgoing reasons, the Court finds joinder of Mortgage Fraud Counts 1-6 with Tax Fraud/Obstruction Counts 7-12 is improper under Rule 8(a) and, alternatively, would result in prejudice to Defendant under Rule 14(a).  The Court **GRANTS** Defendant's motion to sever with respect to Mortgage Fraud Counts 1-6 and Tax Fraud/Obstruction Counts 7-12.  The Court **DENIES** Defendant's motion to sever Count 12 from Counts 7-11; Count 12 is properly joined with Counts 7-11.  The trial will proceed on March 5, 2018, on Counts 1-6.

**SO ORDERED.**

Signed February 22nd, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE